UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAVON WILLIAMS,

          Plaintiff,

  v.

CITY OF TACOMA, *et al*,

          Defendants.

Case No. C24-5056-DGE-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Defendants' Motion to Adjust Case Schedule (Defs.' Mot. (dkt. # 23)), Plaintiff's Response in opposition (Pl.'s Resp. (dkt. # 27)), and Defendants' Reply (Defs.' Rep. (dkt. # 29)). Defendants request a 90-day extension for all remaining deadlines, marking their first request to amend the schedule. The upcoming deadlines are: November 4, 2024, for expert disclosures; November 11, 2024, for submitting expert reports; December 12, 2024, as the discovery cutoff; and January 15, 2025, for dispositive motions. (Dkt. # 19.) Plaintiff objects to any continuance. (Pl.'s Resp. at 1.) The Court, having reviewed Defendants' motions, all briefing of the parties, and the balance of the record, GRANTS Defendants' Motion (dkt. # 23) for a 90-day extension.

ORDER - 1

## II. DISCUSSION

Once a court sets a case schedule under Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of the good cause analysis is on "the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Defendants' counsel states in a declaration that Defendants first requested and received discovery materials from the Puyallup Police Department in June 2024, including folders labeled "scene scans" with "FARO files." (Yotter Decl. at ¶¶ 2-9 (dkt. # 24).) While Defendants confirmed receipt of these folders, they lacked the necessary software to access the files. (*Id.* at ¶¶ 5-7.) On October 10, 2024, Defendants' expert discovered the folders did not contain the anticipated scene scans needed for the report. (*Id.* at ¶ 8.) Defendants have since made repeated efforts to secure the correct scans but have not yet succeeded. (*Id.* at ¶ 10.) On October 17, 2024, Defendants filed the current motion, noting that the delay in obtaining these files has impeded their expert's ability to complete their report within the current schedule. (*Id.* at ¶¶ 11-12.)

Defendants argue that good cause exists for an extension due to three main factors: (1) technical difficulties accessing discovery materials; (2) challenges obtaining Plaintiff's medical records; and (3) counsel's impending unavailability, including scheduled absences from December 9-23, 2024, a trial on January 21, 2025, oral arguments from February 3-7, 2025, and another trial set for February 18, 2025. (Defs.' Mot. at 2-3.)

In response, Plaintiff contends Defendants were not diligent in reviewing discovery materials over the five-month period and asserts that "good cause" requires the movant to show that a more diligent pursuit of discovery was impossible. (Pl.'s Resp. at 3-5 (citing *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. Nov. 5, 2012)).) However, the Ninth

Circuit outlines several factors for courts to consider in deciding whether to amend a Rule 16 scheduling order, including: (1) the imminence of trial; (2) whether the request is opposed; (3) potential prejudice to the non-moving party; (4) diligence of the moving party; (5) foreseeability of the need for modification; and (6) whether the extension would likely lead to relevant evidence. *See City of Pomona v. SQM North Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Granting leave to amend a scheduling order in light of discovery issues is common. *See Thao v. Swarthout*, 2024 WL 3904874, at *3 (E.D. Cal Aug. 22, 2024) (finding diligence where a motion to amend the schedule was filed within two months of identifying relevant evidence). Here, Defendants moved to extend the schedule within one week of identifying the discrepancy in discovery, demonstrating diligence. Accordingly, the Court finds good cause exists under the general Rule 16 inquiry.

In considering the *City of Pomona* factors, the Court notes that no trial date has been set and trial is not imminent. 866 F.3d at 1066. While Plaintiff opposes the extension, he does not argue it would be prejudicial. The Court is also satisfied that Defendants have shown reasonable diligence in pursuing discovery. Furthermore, the delay was unforeseeable until the technical issues became apparent, and extending the schedule is likely to facilitate the disclosure of relevant evidence. These factors weigh in favor of granting Defendants' motion.

### III.    CONCLUSION

For the foregoing reasons, Defendants' Motion (dkt. # 23) is GRANTED. The Court ORDERS that the current Order Setting Pretrial Schedule (dkt. # 19) be amended as follows:

| Event | Date |
| --- | --- |
| Disclosure of expert testimony under FRCP 26(a)(2) | 2/4/2025 |
| All motions related to discovery filed by | 2/18/2025 |

ORDER - 3

| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) | 3/2/2025 |
|---|---|
| Discovery completed by | 3/16/25 |
| All dispositive motions filed by | 4/15/25 |

The Clerk is directed to send copies of this Order to the parties and to the Honorable David G. Estudillo.

Dated this 4th day of November, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4